# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RODOLFO A. BRAMBILA,

        Plaintiff,

    v.

KIMBERLY NYSTROM-GEIST,

        Defendant.

Case No. 1:25-cv-02068-SAB

ORDER REASSIGNING THIS MATTER TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

(ECF No. 1)

**FOURTEEN-DAY DEADLINE**

On December 30, 2025, Plaintiff Rodolfo A. Brambila, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Kimberly Nystrom-Geist, Sanja Bugay, Desiree Blancas, Valeria Rosales, Dalvin Baker, and the County of Fresno. (ECF No. 1.)  On January 6, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7.)  The Court now undertakes screening of the complaint, pursuant to 28 U.S.C. § 1915A.  For the following reasons, the Court will issue findings and recommendations recommending that this matter be dismissed.

This matter was assigned pursuant to Local Rule, Appendix A(k)(1).  Therefore, this action has been directly assigned to a Magistrate Judge only.  Not all parties have appeared or filed consent or declination of consent forms in this action.  Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(17), and Local Rule Appendix A, subsection (k), the Court will direct the Clerk of the Court to randomly assign a district judge to this action and the Court shall issue findings and recommendations.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff's complaint is lengthy and unwieldy at times, which the Court summarizes. Overall, it appears that Plaintiff is generally bringing claims regarding the equal protection and due process clauses. (ECF No. 1., pp. 3-6.)[1] However, in the attached factual section, Plaintiff describes what the Court can view only as facts surrounding child custody and child dependency proceedings regarding Plaintiff's granddaughter. (Id. at p. 8.) Indeed, many of Plaintiff's allegations relate to seeking visitation, attending hearings, and accessing files related to the child. (Id. at pp. 8-9.) Eventually, Plaintiff alleges that he was denied access to the child dependency proceedings and other proceedings were met without relief. (Id. at pp. 9-12.)

Plaintiff's claims center on the proceedings, with equal protection overlayed on top. (Id. at pp. 16-21.) Plaintiff also takes issue with two petitions he filed seeking the child's case file that were denied. (Id. at pp. 21-23.) Plaintiff then alleges with his requests for appearance and visitation have been denied. (Id. at pp. 24-28.)

In his prayer for relief, Plaintiff asks for an order granting access to the child dependency proceedings, an order granting visitation, and compensatory and punitive damage. (Id. at p. 7.)

### III.

### DISCUSSION

#### A.    Judicial Immunity

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004), quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871). This judicial immunity insulates judges from suits brought under 42 U.S.C. § 1983. Olsen, 363 F.3d at 923.

---

[1] For accuracy, the Court cites to the actual PDF page numbers as opposed to the various numbering Plaintiff has given pages.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id., quoting Cleavinger v. Saxner, 474 U.S. 193 (1985). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001), quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

Here, the Court finds that Plaintiff has essentially taken issue with the judicial decisions of the Hon. Kimberly Nystrom-Geist. The Court finds that Plaintiff has described only acts that are of a judicial nature. (See ECF No. 1, pp. 21-27, 29.) Specifically, Plaintiff disagrees with petitions and requests denied by that court, along with final orders. (See id.) Further, Plaintiff has not described any act that would indicate the clear absence of jurisdiction.

Accordingly, the Court finds that absolute immunity applies and that no claim can arise against the Hon. Nystrom-Geist.

**B.     Child Custody and Grandparental Rights Claims**

The gravamen of Plaintiff's complaint centers on child custody and grandparental rights. Yet, "the Court is without jurisdiction over [child custody] claims because they are exclusively matters of state law." Rivers v. Wright, No. 1:19-cv-00916-DAD-BAM, 2020 WL 3052253, at *2 (E.D. Cal. Apr. 1, 2020), F&R adopted, 2020 WL 3047796; citing Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992). "Even when a federal question is presented, federal courts

4

decline to hear disputes which would deeply involve them in adjudicating domestic matters." Id., quoting Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); see also Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.'  For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter").

Furthermore, to the extent Plaintiff is challenging orders of the state court regarding custody or visitation, he may not do so.  This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings or other final orders.  See, e.g., Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings.").  Under the Rooker-Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  For example, Plaintiff's claims against the social worker to the extent relating to the removal of the grandchild from custody, which seemingly arise from state court orders, would be barred by the Rooker-Feldman doctrine.  Johnson v. Child Protective Servs., No. 2:16-cv-763-GEB-EFB PS, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that constitutional claims relating to plaintiffs' children being removed from their custody and placed in foster care, which were the subject of a state court action, barred by the Rooker-Feldman doctrine).

Finally, Plaintiff raises at times visitation or other rights as a grandparent.  To be sure, the Supreme Court of the United States has acknowledged that "the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000) (plurality).  However, the Supreme Court has not extended this to the grandparent-child relationship.  Quite the opposite, the Court observed that, "[i]n an ideal world, parents might always seek to cultivate the bonds

5

between grandparents and their grandchildren. Needless to say, however, our world is far from perfect, and in it the decision whether such an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance. And, if a fit parent's decision of the kind at issue here becomes subject to judicial review, the court must accord at least some special weight to the parent's own determination." Id. at 70.

Effectively, the Court acknowledged that states might have their own child custody/visitation schemes that may include the grandparent relationship, and if a state employs such a model, special weight is to be accorded to the parent's own determination. Thus, the Court did not, and has not, recognized that the grandparent-child relationship is a liberty interest under substantive due process.

Therefore, Plaintiff's claims premised on child custody, visitation, domestic relations, and the grandparent-child relationship fail to state a claim as a matter of law.[2]

**C.     Leave to Amend**

Generally, Federal Rule of Civil Procedure 15 advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001), quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). The Supreme Court of the United States has offered the following factors that a district court should consider in deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). While in this Circuit prejudice carries the greatest weight among these factors, "a strong showing of any of the remaining Foman factors" can support dismissal with prejudice. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[2] Plaintiff's equal protection argument regarding that he is being treated differently from other family members is patently without merit. (ECF No. 1, pp. 16-19.) Plaintiff does not attack a statute, regulation, or policy that allegedly treats a class of individuals differently than others. Rather, Plaintiff proceeds under the theory that he is a class of one. (ECF No. 1, p. 17.) That Plaintiff alleges that a social worker did not inform him of proceedings, as required by a statute, does not implicate equal protection *under the law*. See U.S. Const. amend. XIV.

Leave to amend would be futile in this matter.  Judicial immunity bars Plaintiff's claims against the Hon. Kimberly Nystrom-Geist.  And as analyzed above, federal courts are without jurisdiction to hear child custody claims or other claims relating to domestic relations. Ankenbrandt, 504 U.S. at 702-04.  Finally, any claims asking the Court to review judicial decisions are barred by the Rooker-Feldman doctrine.  With this in mind, leave to amend would be futile here because any further amendment would still lead the Court to the same conclusions. For this reason, the Court will recommend this case be dismissed.

## IV.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to district judge.

FURTHERMORE, IT IS HEREBY RECOMMENDED that this case be dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **January 15, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge